UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

HENRY STUTLER,

        Petitioner,

v.                         Civil Action No. 2:21-cv-00662

DONALD F. AMES, Superintendent,
Mount Olive Correctional Complex,

        Respondent.


<u>MEMORANDUM OPINION AND ORDER</u>

        Pending before the court are the proposed findings and recommendations ("PF&R") (ECF No. 21) submitted by the Honorable Dwane L. Tinsley, United States Magistrate Judge, on January 12, 2024, and petitioner's objections thereto (ECF No. 25), filed February 14, 2024.

        Also before the court are petitioner's letter-form motion requesting an extension of time to file a section 2254 writ of habeas corpus (ECF No. 1), filed December 20, 2021; petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. Section 2254 (ECF No. 8), filed May 18, 2023; and respondent's Motion to Dismiss Section 2254 Petition (ECF No. 17), filed August 24, 2023.

I. BACKGROUND

The procedural history provided by the PF&R not being contested, the court restates only the relevant portions herein.

Petitioner was indicted by a Clay County grand jury in November of 2010 of four felony counts for sexual abuse; he pled guilty and was sentenced to twenty-five to one hundred years in prison. PF&R 2-4. Petitioner filed a direct appeal to the West Virginia Supreme Court of Appeals; the court affirmed the conviction and sentence, and the judgment became final on or about September 24, 2013. PF&R 4.

Petitioner petitioned the Clay County Circuit Court for post-conviction habeas relief, asserting ineffective assistance of counsel and failure of the trial court to properly conduct the guilty plea hearing. PF&R 5. The court denied the petition, and the West Virginia Supreme Court of Appeals affirmed on appeal; that court's mandate issued on September 28, 2021. PF&R 5-6.

There is a one-year statute of limitations period, which begins when the judgment became final, during which a petitioner can file for habeas corpus relief. PF&R 11. The time during which that petition is under review is not counted toward that one-year limitation. 28 U.S.C. § 2244(d)(2); PF&R 13. Here, petitioner's one-year period to file a habeas

2

petition began on September 24, 2013 — the date on which the judgment became final; 307 days passed between that date and July 29, 2014, when petitioner filed his state petition for post-conviction relief.  PF&R 12–13.  The one-year period remained tolled while the state petition was under consideration until September 28, 2021, when the West Virginia Supreme Court of Appeals affirmed the denial of the petition.  PF&R 13. Petitioner thus had fifty-eight days remaining in the one-year statute of limitations period, beginning the day after the denial was issued, to timely file a federal habeas petition. PF&R 13.  Accounting for a court holiday, the statute of limitations expired on November 29, 2021.  PF&R 13.

Petitioner did not initiate this action until December 20, 2021, when he <u>pro</u> <u>se</u> sent a letter to this court requesting an extension of time to file a writ of habeas corpus pursuant to 28 U.S.C. section 2254.  Letter from H. Stutler to M. Perry, Clerk of Court, Dec. 15, 2021, ECF No. 1.  Although this letter is denoted on the docket as a habeas petition, Judge Tinsley proposes, and the court agrees, that the December letter be construed as a letter-form motion for an equitable tolling of the statute of limitations.  <u>See</u> PF&R 1, 7.  The motion asserts generally and without specificity that petitioner's facility was locked-down due to Covid-19, thereby limiting his access to the

library and does not contain the required contents of a section 2254 petition.  Dec. 15, 2021 Letter-Form Motion; PF&R 7, 10.

On May 18, 2022, Petitioner filed a section 2254 petition raising six grounds for relief.  PF&R 7–8.  Unlike the December letter, petitioner's May filing utilized the court-approved form for section 2254 petitions.  PF&R 11.  Judge Tinsley recommends, and the court agrees, that the May filing be construed as petitioner's habeas petition, with May 16, 2024, being the date on which the petition was filed.  PF&R 11.

Respondent filed a Motion to Dismiss asserting that the petition is untimely and there is no valid basis to equitably toll the statute of limitations.  PF&R 9.  Judge Tinsley calculates that the statute of limitations as to the habeas petition tolled on November 29, 2021.  PF&R 13.  Judge Tinsley notes "even if Petitioner's initial letter-form motion for extension of time could somehow be construed as a proper § 2254 petition, it was also filed after the expiration of the application statute of limitations."  PF&R 13 n. 6.

The PF&R goes on to analyze whether there is a basis for the equitable tolling of the statute of limitations and concludes that there is not.  See PF&R 13–19.  Finally, Judge Tinsley notes that of the six claims asserted in the petition, five are not cognizable under section 2254.  PF&R 20.

## II. LEGAL STANDARD

The court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings and recommendations to which no objection has been made.  See Thomas v. Arn, 474 U.S. 140 (1985).  Failure to timely file objections constitutes a waiver of de novo review and the plaintiff's right to appeal the order of the court.  See 28 U.S.C. § 636(b)(1); see also United States v. De Leon-Ramirez, 925 F.3d 177, 181 (4th Cir. 2019) (parties typically may not "appeal a magistrate judge's findings that were not objected to below, as [28 U.S.C.] § 636(b) doesn't require de novo review absent objection"); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4ht Cir. 1989).

Upon an objection to the PF&R, the court reviews de novo only "those portions of the report . . . to which objection is made.  28 U.S.C. § 636(b)(1); see also Howard's Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) ("De novo review is not required or necessary when a party makes general or conclusory objections that do not direct the court to a specific error . . . ."); United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007); Opriano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  "Absent a specific and timely filed objection, the court reviews only for 'clear error,' and need not given any

explanation for adopting the [PF&R]." <u>United States v.</u>
<u>Hernandez-Aguilar</u>, 359 F. Supp. 3d 331, 334 (E.D.N.C. 2019).


### III. ANALYSIS

Finding that petitioner's objection does not question the issue of non-cognizable claims — being that grounds two through six in the petition are not cognizable claims appropriate for relief under section 2254(d)— or the determination that the statute of limitations tolled on November 29, 2021, the court adopts the PF&R's conclusions as to those issues. Petitioner's objection to the PF&R concerns only the PF&R's proposed finding that equitable tolling of the statute of limitations is not appropriate.

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. section 2254, provides federal habeas relief to state prisoners, subject to the statute of limitations period prescribed in section 2244(d). PF&R 9. A petitioner is only entitled to equitable tolling of the section 2244 statute of limitations period "if he shows '(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Holland v. Florida</u>, 560 U.S. 631, 649 (2010) (quoting <u>Pace v.</u>
<u>DiGuglielmo</u>, 544 U.S. 408, 418 (2005)). "The diligence required

for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Id. at 453 (internal citations and quotation marks omitted). "[I]n every instance reasonable diligence seemingly requires the petitioner to work on his petition with some regularity – as permitted by his circumstances – until he filed it in the district court." Smith v. Davis, 953 F.3d 582, 601 (9th Cir. 2020).

The Fourth Circuit Court of Appeals has explained that "any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). Thus, equitable tolling is "reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Id. A petitioner is required to "allege with specificity the steps he took to diligently pursue his federal claims." Yang v. Archuleta, 525 F.3d 925, 930 (10th Cir. 2008).

Petitioner asserted before Judge Tinsley that the "Covid-19 pandemic and related restrictions denied him sufficient access to the prison law library and, thus, prohibited his timely filing of a proper § 2254 petition." PF&R

7

15 (citing Dec. 15, 2021 Letter, ECF No. 1).  Petitioner wrote
that "'it was absolutely impossible for him to work on, or have
access to, the law library to file his § 2254 [petition]
timely,' . . . [but] acknowledge[d] that 'the whole world had
been going through the "Covid pandemic"' and that he and 'others
alike here at [Mount Olive Correctional Complex] were dealing
with institutional lockdown . . . .'"  PF&R 16 (quoting Response
to Respondent's Mot. 1, ECF No. 19)

    Judge Tinsley noted that "[n]umerous courts have found
that limited access to a law library does not constitute
extraordinary circumstances to support equitable tolling," and
that, "although the Covid-19 pandemic did create unusual
circumstances, it did not 'automatically warrant equitable
tolling for any petitioner who seeks it on that basis.'"  PF&R
16–17.  The PF&R thus concluded that the blanket assertion that
the pandemic limited or denied law library access failed to
establish that petitioner faced extraordinary circumstances
requiring equitable tolling.  PF&R 17.  Further, Judge Tinsley
wrote "Petitioner has not demonstrated why he could not timely
file a satisfactory form petition setting forth the same grounds
for relief that had just been exhausted through his state court
habeas corpus proceedings and would not necessarily have
required law library access," explaining that the petition
"merely expect[s the petitioner] to state his grounds for relief

(which were required to be federal claims identical to those raised in his state court proceedings) and identify specific facts supporting them, rather than to argue or cite case law." PF&R 18.  Altogether, Judge Tinsley proposed the court find petitioner has failed to establish the "rare and exceptional circumstances" justifying equitable tolling.  PF&R 18.

Petitioner does not question the legal analysis conducted in the PF&R or suggest that the findings of fact were incorrect.  Rather, petitioner proffers additional evidence as to why his filing was delayed, in what appears to be an attempt to show that his circumstances were indeed rare and exceptional. It is unclear why petitioner did not submit this evidence to Judge Tinsley in his response to respondent's motion to dismiss. Even were the court to accept the additional evidence supplied by petitioner in his objection to the PF&R, the conclusion that the standard for equitable tolling has not been met remains unchanged.

In addition to reasserting his claim that there was limited, and at times no, access to the law library while the facility was in lockdown due to the Covid-19 pandemic, petitioner says (1) he was in the facility's medical unit from April 4, 2023 to October 3, 2023, which further limited his access to his legal file; (2) the inmate worker at the law

library assigned to petitioner was not knowledgeable in handling
such cases; (3) at one point paperwork brought to him by his
lawyer went missing and petitioner never received it; (4)
petitioner has a "very low ability to read or write;" and (5)
petitioner was "misled by the library inmate Legal Aide[s] that
were assigned to assist him."  Objection to PF&R 1–3, ECF No.
25.

    In support of these assertions, plaintiff attached (1)
a memo from Kyle Blethen, Records Supervisor at Mount Olive
Correctional Complex and Jail, averring that petitioner was in
the infirmary unit from April 10, 2023 until October 3, 2023,
Objection to PF&R Ex. 2, ECF No. 25-1; (2) a letter from Douglas
M. Neumeyer, a Legal Aide at the Law Library, to petitioner,
stating, in part, that Neumeyer was "overwhelmed with cases and
federal deadlines," Objection to PF&R Ex. 3, ECF No. 25-1; and
(3) a letter from Susan Malay, Mount Olive Correctional Complex
and Jail Records Supervisor, to petitioner, stating that,
despite petitioner's lawyer's assertion that he visited the
facility to drop off paperwork for plaintiff, there is no record
of the lawyer entering the facility and no sign of the paperwork
he allegedly delivered, Objection to PF&R Ex. 4, ECF No. 25-1.

    The additional evidence and explanations offered by
petitioner as to why he was delayed in filing his petition are

insufficient to grant equitable tolling.  The fact remains that, as Judge Tinsley noted, the petition form does not particularly require legal research or knowledge, or access to the law library.  Further, petitioner has not described what paperwork his lawyer was supposed to be dropping off for him that allegedly went missing, nor why that event delayed his filing. Finally, the time petitioner was in the medical unit was in 2023, while the petition was due in late 2021 and the actual petition was filed in May 2022.  Thus, the court finds that petitioner has failed to demonstrate that equitable tolling of the statute of limitations is appropriate, and the court adopts Judge Tinsley's findings and recommendations in full.

## IV. CONCLUSION

Accordingly, it is ORDERED that:

1.    The findings made in the magistrate judge's Proposed Findings and Recommendations be, and hereby are, ADOPTED by the court and incorporated herein;

2.    Respondent's Motion to Dismiss (ECF No. 17) is GRANTED;

3.    Petitioner's Letter-Form Request for Extension of Time to File Section 2254 Petition, construed as a motion

for equitable tolling of the statute of limitations
(ECF No. 1), is DENIED;

4.    Petitioner's Section 2254 Petition (ECF No. 8) is
      DISMISSED; and

5.    This civil action be, and hereby is, DISMISSED from
      the docket of this court.

The Clerk is directed to transmit copies of this order
to all counsel of record, any unrepresented parties, and the
United States Magistrate Judge.

ENTER: March 29, 2024

John T. Copenhaver, Jr.
Senior United States District Judge